## Blumberg v. Harleysville Insurance Co.

*Steven G. Wigrizer,* for plaintiff.
*Donald B. Scace, Jr.* and *Gerald Bruderle,* for defendant.

GAFNI, *J.,* October 21, 1982—This case arises from an automobile accident which occurred on January 27, 1980, at the intersection of Church and Kent Roads, Lower Merion Township, Montgomery County, Pa. At the time of the accident, plaintiff was driving a motor vehicle owned by Dale E. Nelson Co., Inc. This vehicle collided with a vehicle owned and operated by Morris S. Albertson and plaintiff was injured. The vehicle which plaintiff was driving at the time of the accident was insured by Harleysville Insurance Company (Harleysville) under a policy to Dale E. Nelson Co., Inc. Allstate Insurance Company (Allstate) is involved in the dispute because, at the time of the accident, plaintiff owned a 1971 Chevrolet truck which was insured by Allstate. Plaintiff filed an action in assumpsit against the two insurance companies seeking to recover basic loss benefits.

The instant dispute involves the issue of which insurance company is responsible, under the Pa. No-fault Motor Vehicle Insurance Act, 40 P.S. §1009 et seq., to plaintiff for the payment of basic loss benefits. Before the court are three sets of summary judgment motions under Pa.R.C.P. 1035: (1) Harleysville's motion against plaintiff and Allstate; (2) Allstate's motion against plaintiff and Harleysville; and (3) plaintiff's motion against Allstate.

Section 204(a) of the No-fault Act determines the applicable security for the payment of basic loss benefits where a person suffers an injury. In the in-

stant matter, plaintiff may recover basic loss benefits by making a claim against (1) the employer's insurance if plaintiff was an employee driving or occupying the employer's motor vehicle at the time of the accident, and (2) his own insurance if he was insured at the time of the accident. Simply stated, plaintiff is able to recover against Harleysville under section 204(a)(1) if plaintiff was an employee of Dale E. Nelson Co., Inc. at the time of the accident and is able to recover against Allstate under Section 204(a)(2) if plaintiff was insured by Allstate at the time of the accident.

## SECTION 204(a)(1)

It is uncontested that, on the day of the accident, plaintiff borrowed the motor vehicle he was driving from Mr. Dale Nelson for the purpose of driving to the restaurant at which plaintiff was employed. The parties do not dispute the fact that plaintiff was not acting as an agent or employee of Dale E. Nelson Co., Inc. at the time of the accident. (See, plaintiff's new matter, paragraph 16; plaintiff's answers to Harleysville's Interrogatories, number 23; plaintiff's deposition, 7-9). Accordingly, Harleysville cannot be held liable to plaintiff or Allstate because its liability to both, under section 204(a)(1), is contingent upon plaintiff's being an employee of Dale E. Nelson, Inc. For this reason, Harleysville's motion for summary judgment against plaintiff and Allstate will be granted.

## SECTION 204(a)(2)

The basis for Allstate's motion for summary judgment is that, for purposes of section 204(a)(2), Allstate did not insure plaintiff at the time of the accident. The parties' dispute concerns the proper ref-

erence for construing the word "insured" in the No-fault Act; they contest neither the factual premises nor the consequences of the possible constructions. Allstate concedes that it insured a 1971 Chevrolet Truck owned by plaintiff, that the truck was licensed and garaged in Florida, and that the policy was issued to plaintiff while plaintiff lived in Florida (Answer of Allstate to Harleysville's New Matter, paragraphs 18, 19). Allstate contends, however, that the policy, while insuring plaintiff in Florida, did not extend to insure him in Pennsylvania accidents unless he was using his own truck at the time of the accident.

The Allstate policy provides:

"Allstate will pay to or on behalf of the *injured person* the following benefits . . . " (Emphasis in original)

Under the definitions section of the policy, an "injured person" has two meanings depending on whether the accident occurred in Florida.

"Injured Person" — means . . .

(b) Outside the State of Florida

(i) you or a resident relative while in, on, getting into or out of the *insured motor vehicle.*

(ii) you, while in, getting into or out of a motor vehicle owned by a resident relative for which security is maintained under the Florida Automobile Reparations Reform Act." (Emphasis in original.)

An "insured motor vehicle" is defined as a motor vehicle

"(a) you own, and

(b) which security is required to be maintained under the Florida Automobile Reparations Reform Act, and

(c)(i) for which a premium is charged, or

(ii) a trailer designed for use with a private passenger automobile, or if not used for business pur-

poses, a trailer designed for use with a pick-up truck, panel truck or van."

Allstate argues, tracing the argument back, that since the car plaintiff was driving was not an "insured motor vehicle," plaintiff is not an "injured person" entitled to the policy's benefits.

It is the view of the court that the proper reference for construing the word "insured" is not Allstate's Florida insurance policy but the Pennsylvania No-fault Act. The act determines the basic loss benefits available in every case in which the victim is a domiciliary of this Commonwealth. 40 PS. §1009.110(c)(1). Section 103 of the act reads:

"Insured" means:

(a) an individual identified by name as an insured in the contract of basic loss insurance complying with this Act; and

. . .

The Allstate policy clearly names plaintiff as the insured in its declarations. This is sufficient to render Allstate responsible for loss benefits under the No-fault Act. Allstate's interpretation of its own policy provisions cannot be substituted as the principle which triggers the act's applicability.

It is, therefore, the view of the court that Allstate is the applicable source of security for the loss benefits claimed by plaintiff. Accordingly, Allstate's motion for summary judgment will be denied. For the same reasons, plaintiff's motion for summary judgment is granted.*

---

* Allstate might well question the equity of this result. The policy was issued by it in Florida, while plaintiff was a Florida resident and, presumably, subject to the laws of Florida. It now finds itself subject to this Commonwealth's No-fault Act because the insured plaintiff is a domiciliary of this Commonwealth. However, Allstate has not raised this issue and, accordingly, it will not be addressed by this court.

## ORDER

And now, this October 21, 1982, upon consideration of the parties' cross-motions for summary judgment, it is hereby ordered and decreed that:

(1) The motion for summary judgment of Harleysville Insurance Co. against plaintiff and Allstate Insurance Co. is granted;

(2) The motion for summary judgment of Allstate Insurance Co. against plaintiff and Harleysville Insurance Co. is denied; and

(3) The motion for summary judgment of plaintiff against Allstate Insurance Co. is granted.